CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 06 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MELANIE ANNE SEYMOUR, | ) |
| | ) Civil Action No. 3:16CV00062 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Melanie Anne Seymour, was born on November 28, 1979, and eventually completed her high school education. Ms. Seymour testified at the administrative hearing that she has "some college." (TR 73). Plaintiff has worked as a pharmacy technician, retail manager, day care teacher, and companion. She last worked on a regular and sustained basis in 2009. On

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. See Social Security Act § 205(g), 42 U.S.C. § 405(g).

February 27, 2013, Ms. Seymour filed applications for disability insurance benefits and supplemental security income benefits. Earlier applications for benefits had proven unsuccessful. In filing her current claims, Ms. Seymour alleged that she became disabled for all forms of substantial gainful employment on January 15, 2009 due to anxiety, depression, lower back pain, nerve pain in both legs, intestinal problems, kidney disorder, nose problems, asthma, anemia, and female problems. (TR 293). She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Seymour met the insured status requirements of the Act through the fourth quarter of 2013, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2013. See gen., 42 U.S.C. § 423(a).

Ms. Seymour's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 4, 2016, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Seymour suffers from several severe impairments, including anemia, lumbar spine disorder, kidney disease, depressive disorder, anxiety disorder, obesity, fibromyalgia, and personality disorder. (TR 16). While the Law Judge also noted that plaintiff has a history of episodic alcohol abuse, the Law Judge did not consider this problem to be material to the issue of disability, and he evaluated plaintiff's alcohol issues in connection with her emotional difficulties. The Law Judge ruled that Ms. Seymour is disabled for all of her past work roles. (TR 29). However, despite plaintiff's combination of severe impairments, the

Law Judge found that Ms. Seymour retains sufficient functional capacity for a limited range of sedentary work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work, as defined in 20 CFR 404.1567(a) and 416.967(a), but she can never climb ladders, ropes and scaffolds; can occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; frequently reach, handle, finger and feel; and can have occasional exposure to workplace hazards (such as unprotected heights and moving mechanical parts). She also is limited to simple, routine and repetitive tasks; simple work-related decisions; a static work environment where changes in tasks are infrequent and explained when they do occur; and occasional contact with the public, supervisors and co-workers.

(TR 20). Given such a residual functional capacity, and after considering Ms. Seymour's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that plaintiff retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. (TR 29-30). Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Seymour has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1)

3

objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

Upon review of the medical and vocational evidence, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. While the medical record confirms that Ms. Seymour suffers from a variety of physical problems, and while there is some question as to her capacity to remain seated for prolonged periods of time, the court believes that the Commissioner reasonably concluded that plaintiff retains sufficient physical capacity to engage in sedentary work roles in which she is permitted to sit or stand at will. Indeed, the court believes that the Administrative Law Judge accounted for many of plaintiff's work-related problems in his hypothetical question to the vocational expert at the administrative hearing. However, the court must conclude that the Law Judge did not account for all of the manifestations of plaintiff's emotional conditions in the hypothetical question put to the vocational expert. Thus, the court finds "good cause" for remand of this case to the Commissioner so that all of plaintiff's work-related limitations can be considered in assessing her capacity for other work roles.

The medical record confirms that Ms. Seymour has a history of treatment for various emotional problems, including depression, anxiety, and personality disorder. As recognized by the Administrative Law Judge, one of plaintiff's primary care providers, Dr. Samir Sudhir Panvelker, has reported on several occasions that Ms. Seymour is unable to work due to

4

manifestations of post-traumatic stress disorder, depression, and anxiety. Based on his review of Dr. Panvelker's clinical notes, and based on the fact that Dr. Panvelker is not a mental health specialist, the Law Judge determined to give "minimal weight" to the physician's assessment of plaintiff's capacity for work activity. (TR 27). Instead, the Law Judge determined to give "great weight" to the opinions of the state agency psychological consultants who reviewed all of the evidence of record during the initial consideration and reconsideration phases of Ms. Seymour's case. (TR 19, 26). In this context, the Law Judge commented as follows:

> I have also considered the state agency psychological consultants' findings that the claimant had mild to moderate limitations in activities of daily living; moderate limitations in social functioning; moderate limitations in concentration, persistence and pace; no repeated episodes of decompensation each of extended duration; and no evidence establishing the presence of "paragraph C" criteria (Exhibits 1A, 3A, SA, 7A). Great weight is given to those assessments because they are consistent with and supported by the evidence of record, as more fully discussed below.

(TR 19).

The difficulty in this case is that in formulating a hypothetical question for the vocational expert, the Administrative Law Judge did not attempt to account for the psychological consultants' findings of "moderate limitation in concentration, persistence, and pace." Despite having found that Ms. Seymour suffers from severe impairments based on anxiety, depression, and personality disorder, which result in moderate limitations in concentration, persistence, and pace, the Law Judge asked the vocational expert only to consider that plaintiff is limited to simple, routine, and repetitive tasks in a static work environment, which do not require frequent changes in task or more than occasional contact with other persons. While the Law Judge adopted the vocational expert's opinion that plaintiff can perform sedentary work as a material handler/packer,

5

machine operator, and inspector/sorter, the vocational expert was not asked to consider the significance of moderate limitations in concentration, persistence, and pace in the performance of such jobs, all of which would seemingly require attendance to task.[2] Nevertheless, the Law Judge relied on the testimony of the vocational expert in determining that plaintiff retains sufficient functional capacity for several specific work roles existing in significant number in the national economy. (TR 29-30).

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

In his opinion, the Administrative Law Judge did not undertake to explain his reasoning in not including findings of moderate limitations in concentration, persistence, and pace in his assessment of plaintiff's residual functional capacity, and in the formulation of hypothetical questions for the vocational expert. The court notes that the Commissioner sometimes argues that such moderate limitations are subsumed under a finding that a claimant is capable of performing only simple, routine, repetitive tasks. However, the court does not believe that the hypothetical question, which assumed that Ms. Seymour can perform simple and repetitive tasks involving

---

[2] Indeed, one of the psychologists indicated that Ms. Seymour would be able to concentrate for only two hour periods during a work day, and that she would experience absenteeism as a result of her emotional problems. (TR 118). At the reconsideration level, a second psychologist affirmed this determination. (TR 47-48).

6

infrequent changes and only occasional contact with other persons, was sufficient to alert the vocational expert to the existence of moderate limitations in plaintiff's concentration, work persistence, and attendance to task. Indeed, the court believes that consideration of such limitations would be especially important in assessing a claimant's capacity for the production jobs envisioned by the vocational expert for Ms. Seymour.

As noted by the United States Court of Appeals for the Tenth Circuit in Wiederholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments. (citations omitted).

See also Millhouse v. Astrue, 2009 WL 763740, at *3 (M.D. Fla. March 23, 2009) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, 2012 WL 4336205, at *9 (M.D. Fla. September 21, 2012) ( noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks, or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases); and Sexton v. Colvin, 21 F.Supp.2d 639, 642-3 (W.D.Va. May 19, 2014) (a limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace).

7

In Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) the United States Court of Appeals for the Fourth Circuit recently reached a similar conclusion:

> In addition, we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Id. at 638. The court believes that the rationale of Mascio applies directly to Ms. Seymour's appeal.[3] Thus, the court finds "good cause" for remand of the case to the Commissioner for further consideration of this critical issue.

In summary, the court concludes that the critical hypothetical question posed by the Administrative Law Judge, excluding plaintiff's moderate limitation in concentration, persistence, and pace, was not consistent with the evidence of record, or the Law Judge's assignment of "great weight" to the opinions of the state agency psychologists. Accordingly, the court will remand the case to the Commissioner for further development and consideration. If the Commissioner is unable to decide the case in plaintiff's favor on the basis of the existing record, the Commissioner will schedule a supplemental administrative hearing, at which a comprehensive hypothetical question can be put to a qualified vocational expert. Upon remand, both sides will be allowed to

---

[3] In passing, the court notes that the first psychological consultant conducted her record review on October 17, 2013. (TR 119). Thus, the findings as to concentration, persistence, and pace were made at a time when plaintiff still enjoyed insured status for purposes of her claim for disability insurance benefits.

8

present additional evidence and argument.[4] An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to Ms. Seymour and counsel for the Commissioner.

DATED: This ____6th____ day of March, 2017.

                                              /s/ Glen E. Conrad
                                        Chief United States District Judge

---

[4] The court notes that at the time of oral argument in this case, plaintiff submitted new medical evidence to the court in support of her claim of disability. Having reviewed the new medical evidence, the court must conclude that the new medical reports do not present an independent basis for remand of Ms. Seymour's case. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). However, inasmuch as the court has determined that good cause for remand exists based on the incomplete hypothetical question, the court notes that Ms. Seymour may submit her new evidence to the Commissioner should a new administrative hearing prove necessary.